ELECTRONICALLY FILED - 2020 Dec 07 12:21 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0702372

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF BEAUFORT ) <br> ) <br> DANA PEEPLES ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HERRNSTEIN AUTO GROUP, LLC; ) <br> WILLIAM A HERRNSTEIN; ) <br> ) <br> Defendants ) <br> _____ | IN THE COURT OF COMMON PLEAS <br> FOURTEENTH JUDICIAL CIRCUIT <br><br> CASE NO.: 2020-CP-_____ <br><br> **SUMMONS** <br> **(JURY TRIAL DEMANDED)** |

**TO: DEFENDANT(S), ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Amended Complaint on the subscribers hereunder at their offices located at The Gibbs Law Firm, LLC, 1304 Boundary Street, Beaufort, South Carolina 29902, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in the action will apply to the Court for relief demanded in said Amended Complaint.

**THE GIBBS LAW FIRM, LLC**

*s/Christopher F. Gibbs*
Christopher F. Gibbs
1304 Boundary Street
Beaufort, SC 29902
Tel: (843) 379-2330
Fax: (843) 379-2332
Email: cgibbs@cgibbslawfirm.com
ATTORNEY FOR PLAINTIFF

Beaufort, South Carolina
December 7, 2020

ELECTRONICALLY FILED - 2020 Dec 07 12:21 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0702372

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | |
| ) | |
| DANA PEEPLES ) | |
| ) | CASE NO.: 2020-CP-_____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| HERRNSTEIN AUTO GROUP, LLC; ) | |
| WILLIAM A HERRNSTEIN; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Dana Peepels and her herein undersigned attorney, complaining of the Defendants herein, would allege and show unto this Court the following:

### PARTIES AND JURISDICTION

1. Plaintiff, Dana Peepels (hereinafter "Plaintiff") is a citizen and resident of Beaufort County, State of South Carolina.

2. Defendant, Herrnstein Auto Group, LLC (hereinafter "Defendant Auto Group"), upon information and belief, is a domestic corporate entity organized under the laws of the State of Ohio which has its primary offices in Chillicothe, Ohio and conducts business in Beaufort, South Carolina.

3. Defendant, William A. Herrnstein is, (hereinafter "Defendant Driver"), upon information and belief, a citizen and resident of Chillicothe, State of Ohio.

4. On information and belief, Defendant Driver owns, operates, and fully controls all aspects of the business workings and dealings of Defendant Auto Group, LLC.

5. Defendant Driver and Defendant Auto Group named herein are, on information and belief, interwoven to such a degree that their wrongful acts as alleged by Plaintiff may hereinafter be referred to as the acts of a single entity, hereinafter "Defendant Owner."

ELECTRONICALLY FILED - 2020 Dec 07 12:21 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0702372

6. Plaintiff was involved in a collision that occurred along Charles Street, in Beaufort County, South Carolina on or about September 11, 2019 (hereinafter the "subject collision").

7. Defendant Driver was cited as being the at-fault party in the subject collision.

8. At all times relevant hereto, Defendant Driver was the operator of a 2019 Hyundai, bearing an Ohio license Plate No.: 0028040 ("the subject vehicle").

9. Defendant Driver was operating the subject vehicle for the purpose of Defendant Owner's business, at the direction of Defendant Owner, on Defendant Owner's behalf, and to further Defendant Owner's business.

10. This Court has jurisdiction over the parties and the subject matter herein, and venue is proper in the Beaufort County Court of Common Pleas.

FACTS

11. At all times revenant hereto, Defendant Driver was operating the subject vehicle for the purpose of Defendant Owner's business, at the direction of Defendant Owner, on Defendant Owner's behalf, and to further Defendant Owner's business.

12. Under information and belief, at all times herein, Defendant Owner owned, maintained, and controlled the subject vehicle.

13. On September 11, 2019, and all times material hereto, Defendants owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the subject vehicle, for the benefit of other individuals on the public roadways, including Sharon and Allen.

14. On September 11, 2019, Plaintiff was lawfully operating her 2009 Chevrolet, bearing South Carolina License Plate No.: FIL709, and traveling along Charles Street in Beaufort County, South Carolina.

15. At the same time, while in the scope of his employment and furthering the business of Defendant Auto Group, Defendant Driver negligently operated the subject vehicle and caused a

violent collision when Defendant Driver, while exiting a parking lot, failed to yield the right of way to ongoing traffic, and ultimately causing a T-bone collision with the vehicle occupied by Plaintiff.

16. There were no exigent, emergent, or extenuating circumstances then existing which would relieve Defendant Driver of liability for such reckless behavior.

17. There was noting Plaintiff could have done to avoid the collision, and Plaintiff did not do anything to cause or contribute to the collision.

18. At all times herein, the vehicle Plaintiff was operating had the right of way, was being operated in a manner consistent with all traffic laws, and was operated in a manner so as to display due regard for the safety of herself and all others using the highway.

19. Plaintiff's vehicle sustained substantial damage

20. The collision caused Plaintiff to suffer significant bodily injuries and other damages.

21. Plaintiff sought and received medical treatment because of the injuries caused to her in this collision.

22. All of the medical treatment undertaken by Plaintiff after the collision was reasonable, necessary, and medically indicated due to the injuries caused to Plaintiff by the Defendants herein.

23. All of the medical expenses incurred by Plaintiff following this collision were reasonable and customary within her community.

24. This collision also caused Plaintiff to suffer human losses such as pain, suffering, fear, anxiety, loss of enjoyment of life, and mental anguish.

25. The collision also caused Plaintiff to suffer loss of income, loss of earning capacity, loss of property, and other financial losses.

26. By the herein described conduct and omissions, as well as all relevant times prior to, the Defendants breached their duties of care owed to Plaintiff.

<u>FOR A FIRST CAUSE OF ACTION; AGAINST DEFENDANT OWNER</u>
(Negligence, Gross Negligence, Recklessness, Negligence *Per Se*)

ELECTRONICALLY FILED - 2020 Dec 07 12:21 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0702372

27. Plaintiff realleges and incorporates the contents of the preceding paragraphs as fully and completely as if verbatim.

28. At all times material hereto, Defendant Owner owed a duty to exercise reasonable care in the operation of the subject vehicle for the benefit of the Plaintiff, and the public at large, on the public roadways.

29. At all times material hereto, through its conduct and omissions, Defendant Owner breached its duty of care to the public at large, and in particular to Plaintiff, as Defendant Owner were careless, negligent, grossly negligent, reckless, willful and wanton in one or more of the following particulars:

   a. Failing to keep vehicle under proper control;
   b. Failing to keep a proper lookout;
   c. Failing to use that degree of care and caution which a reasonably prudent person would under the circumstances;
   d. Operating a motor vehicle with reckless disregard for the rights of others using the highways;
   e. Reckless Driving, in violation of § 56-5-2920 of South Carolina Code of Laws;
   f. Failing to maintain adequate attention to the road and/or traffic conditions then existing;
   g. In driving while distracted and/or inattentive; and
   h. In such other and further particulars as the evidence may show;

30. There were no obstacles or conditions existing on the highway at the location of this collision which in anyway impaired Defendant Driver's view and ability to observe and react to the conditions on the highway near him.

31. As a direct and proximate result of the careless, negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Owner complained of herein, Plaintiff has suffered injuries and other damages, including some or all of the following:

   a. Severe physical injuries;
   b. Medical expenses and transportation expenses connected with medical treatment;
   c. Mental anguish and emotional distress;
   d. Fear and anxiety;
   e. Permanent scarring and disfigurement;

ELECTRONICALLY FILED - 2020 Dec 07 12:21 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0702372

      f.    Physical impairment;
      g.    Increased susceptibility to future injury;
      h.    Personal property damages
      i.    Pain and suffering;
      j.    Loss of income and diminished earning capacity;
      k.    Alteration of lifestyle; and
      l.    Other and further such particulars as may be learned through discovery, trial, or otherwise.

32.    Plaintiff is entitled to judgment against the Defendants, Defendant Driver and Defendant Auto Group, herein referenced as Defendant Owner, jointly and severally, for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on all special damages, for post-judgment interest, and for such other and further relief as this Honorable Court may deem just and proper.

**WHEREFORE**, the Plaintiff prays that judgement be entered in favor of Plaintiff against Defendants, jointly and severally, as follows:

    i.    Actual and compensatory damages, in an amount sufficient to compensate for the injuries and damages sustained as may be determined by a jury;
    ii.    Nominal, incidental, and consequential damages, in an amount to be determined by a jury;
    iii.    Punitive damages, adequate to punish the Defendants named and other from continuing and/or repeating such similar conduct warranting punishment, in an amount to be determined by a jury;
    iv.    All costs, interest as authorized by law, disbursements, and all reasonable attorney's fees associated with this action; and
    v.    Any and all such other and further relief as this Court or the trier of fact may deem just and proper.

**THE GIBBS LAW FIRM, LLC**

*s/Christopher F. Gibbs*
Christopher F. Gibbs
1304 Boundary Street
Beaufort, SC 29902
Tel: (843) 379-2330
Fax: (843) 379-2332
Email: cgibbs@gibbslawsc.com

Beaufort, South Carolina
December 7, 2020.