**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Dana Peeples, | ) | C/A. No. 9:20-4463-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Herrnstein Auto Group, LLC; William A. | ) | |
| Herrnstein, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff's motion to compel (Dkt. No. 37) and Defendants' motion for order of protection (Dkt. No. 39). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion to compel and grants in part and denies in part Defendants' motion for order of protection.

## I.    Background

In this personal injury lawsuit, Plaintiff alleges she was injured after an automobile driven by Defendant William Herrnstein collided with an automobile driven by Plaintiff. Plaintiff alleges that at the time of the accident Herrnstein was operating an automobile "in the scope of his employment" and on behalf of Defendant Herrnstein Auto Group, LLC ("HAG").

On December 28, 2020, Defendants removed this case to federal court. (Dkt. No. 1).

On January 4, 2021, the Court entered a Scheduling Order. (Dkt. No. 5).

On February 8, 2021, the Court entered an Amended Scheduling Order. (Dkt. No. 7).

On July 12, 2021, the Court entered a Second Amended Scheduling Order. (Dkt. No. 20).

On September 10, 2021, the Court entered a Third Amended Scheduling Order. (Dkt. No. 22).

On December 9, 2021, Plaintiff sent her first discovery requests pursuant to Rule 34 to Defendants to produce "Authenticated copies of any and all net worth statements for the past five (5) years." (Dkt. No. 39 at 3). On January 10, 2022, Defendants objected to Request for Production No. 23 as "vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." (Dkt. No. 39-1); (Dkt. No. 39-2). Defendants also noted that, "[u]pon approval and filing of the proposed Consent Confidentiality Order, we will forward you the remaining protected document production." (Dkt. No. 39-1 at 1).

On January 4, 2022, the Court entered a Fourth Amended Scheduling Order. (Dkt. No. 36). Thereunder, Discovery was due by March 11, 2022. (*Id.* at 1) ("All discovery requests shall be served in time for the responses thereto to be served by this deadline.").

On March 1, 2022, ten (10) days before the close of discovery, Plaintiff noticed two depositions. (Dkt. No. 39 at 4). Specifically, Plaintiff noticed the depositions of Defendants HAG and Herrnstein. (Dkt. No. 39-3) (Herrnstein notice); (Dkt. No. 39-4) (HAG 30(b)(6) notice). Both subpoenas contained lists of documents each witness was to produce at its respective deposition. (Dkt. No. 39-3 at 11-12) (requesting 25 categories of documents); (Dkt. No. at 39-4 at 9-10) (requesting numerous categories of documents such as, inter alia, "All documentation regarding [HAG's] engagement in the business of leasing or renting vehicles").

On March 7 and 9, 2022 Defendants objected to providing the documents requested in the subpoenas. *See* (Dkt. No. 39-5); (Dkt. No. 39-7 at 3).

On March 10, 2022, the parties participated in the deposition of William A. Herrnstein. Roughly 51 minutes into the deposition, and after Defense counsel lodged a privilege objection, Plaintiff's counsel ended the deposition.  (Dkt. No. 39 at 5); (Dkt. No. 43-2 at 39-40).

On March 10, 2022, Plaintiff filed a motion seeking to: (1) compel Herrnstein to produce documents responsive to the above-described subpoena; and (2) compel Herrnstein to appear for the completion of his deposition. (Dkt. No. 37). Defendants oppose. (Dkt. No. 41).

On March 17, 2022, Defendants filed a motion for protective order. (Dkt. No. 39).  Therein, Defendants ask the Court to: (1) enter a confidentiality order under which they would produce HAG's Employment Manual; (2) issue a protective order regarding RFP No. 23; (3) issue a protective order quashing or modifying the subpoenas; (4) issue a protective order sustaining the privilege objection Defendants made at Herrnstein's Deposition; (5) and issue an order terminating Herrnstein's deposition. Plaintiff opposes. (Dkt. No. 43).  Defendants filed a reply. (Dkt No. 48).

The parties' respective motions are fully briefed and ripe for disposition.

## II.     Legal Standard

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identify and location of persons who know of any discoverable matters."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  If a party declines to answer an interrogatory or request for

production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response, "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Service*, 789 F.2d 679, 683 (4th Cir. 1986); *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, 2013 WL 268206, at * 1 (D.S.C. Jan. 24, 2013).

Rule 30 gives parties broad leave to depose "any person" who may have relevant information in a case. Fed. R. Civ. P. 30. When a party subpoenas attendance at a deposition, the party receiving the subpoena may move to quash the subpoena under Rule 45, which requires that a district court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

### III.    Discussion

**First**, Defendants request the entry of this District's standard confidentially order. (Dkt. No. 39 at 14). In response to various discovery requests, Defendants sought to produce a copy of HAG's employee manual to Plaintiff. Defendants state, and Plaintiff does not dispute, that Defendants have repeatedly asked Plaintiff to consent to a confidentiality order but that, to date, Plaintiff's counsel "has not responded to indicate whether he will consent to the Court's standard

confidentiality order." (Dkt. No. 39); (Dkt. No. 43) (failing to address said argument by Defendants).  Defendants argue good cause exists for a confidentiality order to protect Defendants' "sensitive, proprietary, and commercial information." (Dkt. No. 39 at 15).

The scope of discovery under the federal rule is broad. *See* Fed. R. Civ. P. 26(b)(1); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted."). The court may, however, "for good cause, issue an order to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense ... requiring that a trade secret or other *confidential information* not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G) (emphasis added). Traditionally, motions for protective orders are filed where a party receives discovery requests and, in the process of preparing responses, realizes that documents responsive to the requests need protection from public disclosure. In that instance, the responding party may seek protection pursuant to Rule 26(c)(1)(G) before producing the documents. Confidentiality orders, which are often agreed upon by the parties, change the process slightly.

Parties have the option to request the District's standard confidentiality order as part of the discovery phase of the litigation. This avoids the delay associated with a party withholding production of responsive documents pending the court's ruling on a motion for protective order. Pursuant to the terms of the standard confidentiality order, the parties may review and designate documents "confidential" before producing them. *See* Standard Confidentiality Order at ¶ 2. The burden is placed on the attorney to, in good faith, review the documents and determine that they contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. *Id.* at ¶ 3; *see also* n.1. The reviewing attorney certifies, pursuant to Rule 11, FRCP, that its designations are proper. *Id.*

at ¶ 3; *see also Minter v. Wells Fargo Bank, N.A.*, No. 07-3442, 2010 WL 5418910, at *2 (D. Md. Dec. 23, 2010) (noting that the Fourth Circuit has not "explicitly defined the parameters of the initial 'good faith' review required pursuant to a stipulated confidentiality order," but noting that "[a]nything less than a document-by-document or very narrowly drawn category-by-category assessment fails to satisfy the initial good-faith review requirement").

When parties cannot agree on whether a confidentiality order is necessary, the court invokes its "broad discretion in resolution of discovery problems that arise in cases pending before [it]." *Carefirst*, 334 F.3d at 402 (citing *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981) (alterations omitted and added)).

The Court **grants** Defendants motion on this point.  By failing to address this issue, Plaintiff appears to concede good cause exists to enter a confidentiality order. Thus, the Court will promptly enter its standard confidentiality order and Defendants shall produce the Herrnstein Employee Manual promptly thereunder.

**Second**, Defendants seek an order protecting them from disclosing "authenticated copies of any and all net worth statements for the past five (5) years." (Dkt. No. 39 at 3).  Plaintiffs sent her discovery request for this information on December 9, 2021 and Defendants responded on January 10, 2022, objecting to the request on the grounds it was "vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Defendants note, and it appears undisputed, *see generally* (Dkt. No. 43) (failing to address or contest said argument), that Plaintiff did not move to compel production of said documents within 21-days of Defendants' response and objections as required by Local Civil Rule 37.01.

The Court **grants** Defendants' motion on the above point.  As noted above, Plaintiff does not dispute that she failed to file a motion to compel regarding RFP No. 23 within 21 days of receiving Defendants' objection to said request. *See* Local Civil Rule 37.01 ("Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due."); *see also* (Dkt. No. 39 at 10) (arguing much of the requested information is irrelevant given it "seeks documents from 2017 to 2022, which includes 3 years after the subject automobile accident"—an argument Plaintiff again does not address in her response to Defendants' motion).  Accordingly, the Court holds that Defendants are not required to respond to RFP No. 23.

**Third**, the Court addresses (a) Defendants' request to quash the document requests contained in the deposition subpoenas, (Dkt. No. 39 at 6), and (b) Plaintiff's request for the Court to enforce said subpoenas, (Dkt. No. 37 at 1-3).

"Rule 34 provides the procedure by which a party may obtain documents from another party." *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016). "Rule 34 gives the responding party 29 days after being served to respond in writing." *Id.* Rule 45, which provides the procedure by which a person may be compelled to produce documents and tangible things by subpoena, does not impose time limits for responses and allows the party serving the subpoena to fashion a specific time limit as long as it is "reasonable." Fed. R. Civ. P. 45(d)(3)(A)(i). "The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *Layman*, 314 F.R.D. at 385 (internal quotation marks omitted). "Although Rule 45 is not limited by its terms to

nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45." *Id.* (internal quotation marks omitted).

The Court finds instructive *Hart v. Safeco Ins. Co.*, No. 2:16-2777-RMG, 2017 WL 1390661 (D.S.C. April 18, 2017). In *Hart*, this Court found that the plaintiff, to circumvent the scheduling order and Rule 34's "allotted thirty-day window," improperly noticed and served various deposition topics and document requests via Rule 45. *Id.* at *3 ("Even though Plaintiffs could have obtained the documents referred to in the deposition notice from Defendants under the procedures outlined in Rule 34, the allotted thirty-day window fell outside of the close of discovery. It therefore it appears that [plaintiff's] noticed Rule 30(b)(6) deposition topics are attempts to circumvent [] Rule 34 via Rule 45 and to deny Defendants the thirty-day period for responding to requests for production that Rule 34 allows."). Accordingly, the court granted the defendant's motion to quash to the extent the deposition notice "propound[ed] requests for production and modifie[d] the subpoena to remove the requirement that the deponent produce documents." *Id.*

The Court grants Defendants' motion to quash the subpoenas to the extent they request documents and denies Plaintiff's motion to enforce said subpoenas. Like in *Hart,* Plaintiff appears to have attempted to use Rule 45 to circumvent the Fourth Amended Scheduling Order's deadlines for discovery. Nevertheless, in the interest of allowing the parties to obtain all potentially pertinent discovery, and subject to the Court's above ruling regarding RFP No. 23, the Court will <u>reopen</u> discovery for the limited purpose of allowing Plaintiff to serve, under Rule 34, the requests Plaintiff attempted to improperly serve on Defendants via Rule 45. Specifically, within 10 days

of this Order, Plaintiff shall serve under Rule 34 her remaining document requests on Defendants. Within 14 days of said request, Defendants shall respond to Plaintiff's requests.

     **Fourth**, the Court addresses Plaintiff's request to reopen the deposition of Herrnstein, (Dkt. No. 37 at 6), Defendant's request to terminate said deposition, and Defendant's request for a protective order regarding a specific privilege objection, (Dkt. No. 39 at 11-14).

     Regarding the privilege objection, the exchange the parties dispute is found on pages 36 through 38 of Herrnstein's deposition. (Dkt. No. 39 at 13); (Dkt. No. 37 at 5). During this exchange, Plaintiff's counsel asked Herrnstein if he had received "the notice and the exhibit to provide various financial documents," to which Herrnstein responded that "We have provided everything that has been requested." (Dkt. No. 43-2 at 36:5-14). Plaintiff's counsel then asked "Specifically [do] you recall providing that document—those documentations?" (*Id.* at 36:15-16). At that point, Defense counsel stated he objected to form and instructed his client not to answer any questions about communications Herrnstein had with Defense counsel. (Dkt. No. 43-2 at 36:20-37:7). Defense counsel then added that "I'm instructing him not to answer about what documents that he gave me because that is attorney-client privilege." (*Id.* at 38:8-11). After this exchange, Plaintiff's counsel abruptly ended the deposition. (*Id.* at 39:4-40:14).

     Defendants argue the above exchange was a proper privilege objection, (Dkt. No. 39 at 11), a contention that Plaintiff does not directly refute, (Dkt. No. 43 at 7). Instead, for her part, Plaintiff argues, (Dkt. No. 43 at 4); (Dkt. No. 37 at 3), that the above exchange violated Local Civil Rule 30.04(c), was leading, and meant solely to disrupt the deposition.[1]

---

[1] In her motion, Plaintiff also states, without citation to the record, that "Counsel for Defendant made repeated attempts to obstruct any ground to be gained, by Plaintiff, during its deposition by preventing Plaintiff from exploring several subject matters pertinent to this case" and that "Defendant's counsel spent the bulk of time waiving objections to Plaintiff's request for documents that have been waived." (Dkt. No. 37 at 3) (errors in original). Given Plaintiff's lack of

"The attorney-client privilege protects against disclosure of confidential communications by a client to his attorney." *State v. Owens,* 309 S.C. 402, 407, 424 S.E.2d 473, 476 (1992). "This privilege is based upon a wise policy that considers that the interests of society are best promoted by inviting the utmost confidence on the part of the client in disclosing his secrets to this professional advisor...." *Id.* In *State v. Doster*, the court explained the attorney-client privilege as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. 276 S.C. 647, 651, 284 S.E.2d 218, 219–20 (1981) (citation omitted).

Local Civil Rule 30.04(D) states, "Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's objections shall be stated concisely and in a non-argumentative and non-suggestive manner, stating the basis of the objection and nothing more."

The Court sustains Defendants' above cited objection. Defense counsel's objection was, contrary to Plaintiff's contention otherwise, not "leading" or otherwise violative of Local Civil Rule 30:04(D), and instead properly invoked the attorney-client privilege to protect conversations Herrnstein had with his counsel and identification of the documents Herrnstein gave his counsel. *See Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2016 WL 7626536, at *10 (D.S.C. Mar. 8, 2016) ("Dr. Plum was asked to identify the substance of her conversations with her mother and potentially her mother's counsel with regard to the statements in her affidavit and her views concerning Lester Schwartz. I conclude that these questions are protected from discovery

---

citation to the record to support her contentions, the Court finds Defense counsel did not attempt to obstruct Herrnstein's deposition and further rejects Plaintiff's request for attorney fees and costs associated with reconvening said deposition.

under the attorney-client and work product privileges."); (Dkt. No. 48 at 4) ("As addressed in Defendants' motion, questions about documents given to an attorney is an attempt to backdoor attorney client communications. Even if Plaintiff did not intend to inquire as to attorney-client communications, Defendant Herrnstein could not have responded to the questions without discussing discussions with counsel related to the dispute over production of the documents. Plaintiff could have rephrased the question and inquired about what financial documents Defendant Herrnstein had in his possession").

Nevertheless, and while the Court does not sanction one party unilaterally terminating a deposition because it disagrees with an opposing counsel's privilege objection, the Court orders that, consistent with the limitations established in this order, within 30 days the parties shall meet and confer, schedule, and complete the deposition of Herrnstein. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (noting the circuit's "strong policy that cases be decided on their merits").

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel (Dkt. No. 37) and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for protective order (Dkt. No. 39). As to Plaintiff's motion to compel, the motion is granted to the extent that Herrnstein's deposition shall, consistent with the limitations established herein, be reconvened and completed within 30 days of the date of this order. Plaintiff's motion is further granted to the extent that if Plaintiff seeks to serve any outstanding discovery requests, said requests must be served under Rule 34 within 10 days of this order and Defendants shall respond to said requests within 14 days of receiving said request. Plaintiff's motion is otherwise denied. As to Defendants' motion for order of protection, the Court (1) grants

Defendants' request for entry of the Court's standard confidentiality order; (2) sustains Defendants' objection to RFP No. 23; (3) quashes Plaintiffs' subpoenas to the extent they seek documents; and (4) sustains Defendants' privilege objection at the Herrnstein deposition. Defendants' motion is otherwise denied.

     **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 22, 2022
Charleston, South Carolina