# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Dana Peeples, ) | C/A. No. 9:20-4463-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Herrnstein Auto Group, LLC; William A. ) | |
| Herrnstein, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' motion for summary judgment as to punitive damages (Dkt. No. 45). For the reasons set forth below, the Court grants Defendants' motion.

## I.     Background

In this personal injury lawsuit, Plaintiff alleges she was injured after an automobile driven by Defendant William Herrnstein collided with an automobile driven by Plaintiff. Namely, as Herrnstein was exiting a parking lot, he allegedly "failed to yield the right of way to ongoing traffic, and ultimately causing a T-bone collision with the vehicle occupied by Plaintiff." (Dkt. No. 1-1 at 4) (errors in original).

Defendants move for summary judgment as to punitive damages. (Dkt. Nos. 44, 61). Plaintiff opposes. (Dkt. No. 60).

Defendants' motion is fully briefed and ripe for disposition.

## II.    Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**III.     Discussion**

Under S.C. Ann. § 15-33-135, the plaintiff has the burden of proving punitive damages "by clear and convincing evidence." This is "the highest burden of proof known to the civil law." *Mellen v. Lane*, 377 S.C. 261, 290, 659 S.E.2d 236, 251 (Ct. App. 2008). Punitive damages can only be awarded where the plaintiff proves by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights. *Taylor v. Medenica,* 324 S.C. 200, 220, 479 S.E.2d 35, 46 (1996); *Lister v. NationsBank of Delaware,* 329 S.C. 133, 149, 494 S.E.2d 449, 458 (Ct.App.1997).

Conduct is willful, wanton, or reckless when committed with a deliberate intention and under such circumstances that a person of ordinary prudence would be conscious of it as a reckless disregard of another's rights. *Id.* However, a defendant need not consciously realize that her acts

invade the rights of another if a person of ordinary prudence would have come to that realization. *See Hoskins v. King*, 676 F. Supp. 2d 441, 449 (D.S.C. 2009).

Defendants contend that no record evidence exists to support an award of punitive damages. (Dkt. No. 45-1 at 5).

In opposition, Plaintiff cites to the deposition of Herrnstein. Plaintiff argues that because Herrnstein testified he turned out of a parking lot with his view partially obstructed by a truck, Herrnstein's actions "could be viewed as reckless." (Dkt. No. 60 at 3). Plaintiff argues that because Herrnstein allegedly failed to yield the right of way, "this would mean that William Herrnstein violated a statute implemented to maintain safety and protect individuals on the roadway and [thus], it is negligence as a matter of [l]aw and evidence of reckless." (Dkt. No. 60 at 4). Plaintiff does not cite the specific statute Herrnstein allegedly violated.

The Court grants Defendants' motion for summary judgment as to punitive damage. Plaintiff has put forth no evidence of "willful, wanton, or reckless conduct." *Compare* (Dkt. No. 60 at 4) (noting Herrnstein testified a truck obstructed his view as he turned); (Dkt. No. 60-2 at 20:12-20) ("There were two trucks parked in front of the Red Cross that do Red Cross deliveries. I have seen those vehicles on repeated occasions parked in exactly the same spot since having that collision. Many times I have seen those same two vehicles in the same place. They were obstructing her line of vision. They were obstructing my line of vision.") *with Hoskins*, 676 F. Supp. 2d at 450 (jury question as to punitive damages where defendant testified that the "stretch of highway where the accident occurred includes several elevation and course changes and . . . such conditions made the accident [] fortuitous." Viewed in a light most favorable to plaintiff, however, the court found said testimony could also be viewed as *supporting* punitive damages because the "twist and gradient changes of the road [created] prolonged inattention to the road");

3

*Tucker v. Target Corp.*, Civil Action No. 3:20-cv-03010-JMC, 2022 U.S. Dist. LEXIS 31649, at *8 (D.S.C. Feb. 23, 2022) (granting summary judgment where plaintiff put forth no evidence of "willful, wanton, or reckless conduct").

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment as to punitive damages (Dkt. No. 45).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 12, 2022
Charleston, South Carolina