IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dana Peeples, ) | C/A. No. 9:20-4463-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Herrnstein Auto Group, LLC; William A. ) | |
| Herrnstein, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' unopposed motion for summary judgment as to Herrnstein Auto Group, LLC (Dkt. No. 44). For the reasons set forth below, the Court grants Defendants' motion.

I.  **Background**

In this personal injury lawsuit, Plaintiff alleges she was injured after an automobile driven by Defendant William Herrnstein collided with an automobile driven by Plaintiff.

On March 25, 2022, Defendants moved for summary judgment as to Herrnstein Auto Group, LLC ("HAG"). (Dkt. No. 44). HAG owns the vehicle which Herrnstein was driving at the time of the accident. (Dkt. No. 44-2 at 2).

At Plaintiff's request, the Court extend three times the date by which Plaintiff was to file responses to Defendants' dispositive motions. (Dkt. Nos. 50, 53 56) (collectively extending from April 8, 2022 to May 23, 2022 Plaintiff's time to respond to Defendants' dispositive motions).

On May 23, 2022, Plaintiffs filed responses to other dispositive motions filed by Defendants, but not the instant motion as to HAG.

Defendants' unopposed motion is ripe for disposition.

## II.     Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.     Discussion

Defendants argue that on the day of the accident, Herrnstein was not acting within the scope of his employment. Defendants contend:

> This case arises out of a motor vehicle accident that occurred on September 11, 2019. At the time of the subject accident, Mr. Herrnstein had been staying with his family at his family's vacation home located on Fripp Island, South Carolina. (EXHIBIT 1, Herrnstein Deposition at 26). Mr. Herrnstein resides in Chillicothe, Ohio. Herrnstein Auto Group, the owner of the 2019 Hyundai s4 driven by Mr. Herrnstein, is also located in Ohio, where it has been since its inception in 1945. Herrnstein Auto Group does not and has never conducted business in South Carolina. (Id. at 34, ln. 17). Mr. Herrnstein is semi-retired but does serve as Vice

> President of Herrnstein Auto's Board of Directors. (Id. at 27 & 34). Mr. Herrnstein's son, Bart Herrnstein, is the sole owner and CEO of Herrnstein Auto. (Id. at 28).
>
> On the date of the accident, Mr. Herrnstein and his wife, decided to run errands in neighboring Beaufort, South Carolina. (Id. at 11). After traveling to Beaufort, Herrnstein dropped his wife off at a clothing store near the corner of Charles Street and Boundary Street. (Id. at 10). Then, Herrnstein attempted to drive out of the clothing store parking lot and travel to the grocery store. (See generally Id. at 11). There was a box truck parked on the side of Charles Street, which obstructed Herrnstein's view to the left and prevented him from seeing Plaintiff's vehicle approaching. (Id. at 20). The accident occurred when Plaintiff Dana Peeples took her eyes off the road to reach for a water bottle, resulting in Plaintiff sideswiping the vehicle Herrnstein was operating as he was pulling out of a parking lot. (EXHIBIT 2, Peeples Deposition at 34).
>
> Defendant denies Herrnstein Auto Group was operating the vehicle in any respect. At the time of the accident, Mr. Herrnstein was on vacation, running personal errands with his wife and not performing any work-related duties

(Dkt. No. 44-1 at 2-3) (footnote omitted).

In order to establish negligence in South Carolina, a plaintiff must establish: (1) a duty the defendant owes the plaintiff; (2) a breach of that duty by the defendant by a negligent act or omission; (3) that such breach was the actual and proximate cause of the plaintiff's injury; and (4) injury or damages. *Doe v. Marion,* 373 S.C. 390, 645 S.E.2d 245, 250 (2007). "If there is no duty, then the defendant in a negligence action is entitled to a directed verdict." *Steinke v. Dep't. of Labor, Licensing and Regulation,* 336 S.C. 373, 520 S.E.2d 142, 149 (1999). South Carolina recognizes five exceptions to the general rule that there is no general duty to control the conduct of another: (1) where the defendant has a special relationship to the victim; (2) where the defendant has a special relationship to the injurer; (3) where the defendant voluntarily undertakes a duty; (4) where the defendant negligently or intentionally creates the risk; and (5) where a statute imposes a duty on the defendant. *Marion,* 645 S.E.2d at 250. Under the second exception, South Carolina

3

recognizes the doctrine of respondeat superior, which holds the master liable for the acts of his servant.

In order to establish liability under respondeat superior, a plaintiff must establish that the servant was acting about the master's business and within the scope of her employment. *Lane v. Modern Music, Inc.,* 244 S.C. 299, 136 S.E.2d 713, 716 (1964). "If a servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of the master and servant is temporarily suspended; and this is so no matter how short the time, and the master is not liable for his acts during such time." *Id.* If the employee is going about her own business, then she cannot render the master liable. *Id.*

The Court grants HAG summary judgment as to Plaintiff's claims against it. As noted above, Plaintiff does not oppose the instant motion and Defendants have put forth undisputed record evidence showing Herrnstein is in-effect retired from HAG but retains fringe benefits such as the use of a car owned by HAG, (Dkt. No. 44-2 at 27-29) ("But on a day-to-day basis, I have zero responsibilities with the corporation and perform zero responsibilities for the corporation"), and that HAG does not even conduct business in South Carolina, (*Id.* at 34:14-17). Accordingly, the Court grants HAG summary judgment on all claims. *See Hoskins v. King*, 676 F. Supp. 2d 441, 446 (D.S.C. 2009) (granting defendant summary judgment on respondent superior liability theory where employee, driving company car, struck and killed a pedestrian because plaintiff "alleges no facts that would suggest that King was in the scope of her employment for Siemens at the time of the accident." The court noted that at the time of the accident the employee was speaking to a friend on her mobile phone, adjusting the stereo, and taking to her dogs in the front passenger seat while returning home from a wedding.).

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment as to Herrnstein Auto Group, LLC (Dkt. No. 44).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

December 13, 2022
Charleston, South Carolina

5